JULIA SMITH GIBBONS, Circuit Judge.
Defendant-appellant Adelbert Warner II appeals the 360-month sentence imposed by the district court upon Warner’s guilty plea to the production and distribution of child pornography. Warner challenges the procedural and substantive reasonableness of the district court’s within-Guidelines sentence. He also challenges the reasonableness of certain special conditions of supervised release involving the possibility of physiological testing.
For the following reasons, we affirm Warner’s conviction and sentence.
I.
On September 27, 2007, Warner, a Michigan resident, began a series of explicit *89 internet chats with an undercover FBI agent who was posing as a fourteen-year-old boy named Colin. Between September 27 and November 20, 2007, Warner sent the agent via the Internet nude photographs of minor boys and nude photographs of himself. On October 9, 2007, Warner mailed a package to the agent containing men’s underwear, a digital camera, camera software, and a compact disc containing photographs of child pornography and two video clips.
On February 12, 2008, members of the Michigan State Police and the FBI executed a search warrant at Warner’s address. After waiving his Miranda rights and agreeing to speak with a police detective, Warner revealed his criminal conduct in detail. He confessed that he mailed the package to the undercover agent, possessed pornographic images of prepubescent boys, and emailed some of the images to other people. Warner then disclosed that he twice had engaged in sexual relations with a twelve-year-old boy, N.S., whom he knew during a period of time when he lived with N.S.’s parents. Warner also admitted that he took nude photographs of N.S., who later confirmed these details when interviewed by detectives. Warner further admitted to taking nude photographs of his fifteen-year-old step-cousin, M.S. A forensic examination of Warner’s computer showed that he placed the nude photographs of N.S. and M.S. in a shared folder where they could be accessed by other peer-to-peer computer users. Warner’s computer contained more than 600 still images and at least five video clips of child pornography. After detailing his conduct to the agents, Warner wrote and signed a confession statement.
On April 24, 2008, pursuant to a written agreement, Warner pled guilty to a two-count indictment charging him with the production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(l) and (b)(1). The Presentence Report (PSR) calculated Warner’s total offense level at 42 and his criminal history as category I. This yielded an advisory guideline range of 360 months to life. At sentencing, Warner objected to the base offense level calculation on the basis of a double counting argument. The district court resolved the objection in Warner’s favor, resulting in a base offense level of 40. The district court then applied a three-level increase pursuant to U.S.S.G. § 2G2.1(d)(l), and a three-level decrease for acceptance of responsibility. After applying a criminal history category of I, the district court calculated an advisory guideline range of 292 to 365 months.
After hearing from both parties on sentencing, the district court discussed the 18 U.S.C. § 3553(a) factors and the mitigating factors raised by defense counsel. The district court then sentenced Warner to 360 months on count one and 240 months on count two, to be served concurrently. Warner was also sentenced to supervised release for life, with special conditions that included participation in sex offender assessment and/or other treatment. The district court stated that this treatment “may include physiological testing such as plethysmograph and ABEL assessment.” When asked by the district court if he had “any legal objections to the sentence imposed,” Warner’s counsel indicated he did not.
II.
A sentence is proeedurally inadequate if the district court fails to calculate properly the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects the sentence based upon clearly erroneous facts, or fails *90 to adequately explain the chosen sentence. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Houston, 529 F.3d 743, 753 (6th Cir.2008). While a district court must state its reasons for imposing a particular sentence, see United States v. Grams, 566 F.3d 683, 686 (6th Cir.2009) (per curiam), it need not “give the reasons for rejecting any and all arguments by the parties for alternative sentences.” United States v. Vonner, 516 F.3d 382, 387 (6th Cir.2008) (en banc); see also United States v. Smith, 510 F.3d 603, 608 (6th Cir.2007) (“[A] district court need not explain its reasons for rejecting each argument made by the defendant.”).
Where, as here, the defendant did not object to the district court’s explanation of the § 3553(a) factors, this court reviews a challenge to the sufficiency of that explanation for plain error. United States v. Lapsins, 570 F.3d 758, 772 (6th Cir.2009) (citing Vonner, 516 F.3d at 386). “Under plain error review, relief is granted only under ‘exceptional circumstances.’ ” Houston, 529 F.3d at 750 (quoting Vonner, 516 F.3d at 386). The plain error standard requires Warner to show “(1) error (2) that was ‘obvious or clear,’ (3) that ‘affected defendant’s substantial rights,’ and (4) that ‘affected the fairness, integrity, or public reputation of the judicial proceedings.’ ” Vonner, 516 F.3d at 386 (quoting United States v. Gardiner, 463 F.3d 445, 459 (6th Cir.2006)).
Warner argues that the district court failed to address and adequately explain its rationale for rejecting several of his arguments for leniency. He first contends that the district court expressly declined to address his argument that his cooperation with the government reflects his potential for rehabilitation. According to Warner, while the district court could and should have considered his cooperation as a mitigating factor under § 3553(a), it instead stated that it would not consider the cooperation at all because there had been no U.S.S.G. § 5K1.1 motion filed by the government. Warner further argues that it was error under United States v. Recla, 560 F.3d 539, 545 (6th Cir.2009), for the district court to consider the possibility of a later sentence reduction under Federal Rule Criminal Procedure 35(b) in deciding his sentence.
In considering these challenges, we begin with the district court’s statements at sentencing. After hearing from both counsel and Warner, the district court discussed its sentencing rationale beginning with statements on the advisory nature of the Sentencing Guidelines and the factors to be considered by the court under § 3553(a). The district court then began a discussion of Warner’s history and characteristics, describing Warner’s “history of ... mental health issues,” his lack of a prior record, his history of sexual abuse as a young child, and the evidence of Warner’s remorse. The district court continued:
I also recognize that he proffered with the government. The government has chose[n], in its discretion, not to file a [§ 5K1.1] motion. The Court believes that the remarks of counsel as it relates to his cooperation with the government are better addressed in a Rule 35 [motion] should the government at some time find itself in a position to file a Rule 35 as to Mr. Warner. So at this point I am giving that, because it is contingent in nature, I am giving that proffer no weight. I will, however, consider it should the government find itself in a position to file a Rule 35 at a later date.
The district court thereafter described the facts and circumstances of the case, concluding that they were “egregious in the extreme” due to Warner’s assault and vie- *91 timization of minors and the irretrievable placing of images of one of those minors on the Internet. The court then discussed the remaining factors in § 3553(a) before announcing its sentence.
A review of the sentencing transcript indicates that Warner’s argument that the district court “expressly declined to address” his cooperation during its discussion of the § 3553(a) factors is misplaced. The transcript shows that the district court considered Warner’s cooperation within the context of its discussion of his history and characteristics and the nature and circumstances of his offense. Because the district court acknowledged that the government had not filed a § 5K1.1 motion, the district court could have weighed Warner’s cooperation only in its consideration of his history and characteristics under § 3553(a). Upon a reading of the totality of the transcript, it appears that the district court considered • the cooperation but concluded that it should not affect the sentence due to its limited usefulness. The use of the word “contingent” simply seems to reflect the court’s recognition that at some future point the defendant might be deemed to have rendered assistance sufficient to warrant a government motion. See United States v. Rosenbaum, 585 F.3d 259, 265 (6th Cir.2009) (noting that the district court’s use of the word “contingent” under similar circumstances meant “incomplete” or “not yet ... sufficiently substantial to warrant a reduction”). Because a review of the full context of the record indicates that the district court considered Warner’s argument for leniency based on his cooperation with the government, it did not plainly err.
Warner next challenges the district court’s sua sponte reference to the possibility of the government’s filing a Rule 35 motion during its sentencing discussion. Warner contends that because it is improper for a district court to consider the possibility of a Rule 35(b) sentence reduction in deciding a sentence pursuant to Recla, 560 F.3d at 545, the district court’s “refus[al] to consider defendant’s argument of cooperation until a possible Rule 35(b) motion [might be] filed” was error. He further argues that the district court improperly blurred the distinction between considering past cooperation under § 3553(a) and post-sentencing cooperation under Rule 35(b).
In Recia, this court stated that “sentencing courts cannot consider the potential for a future sentence reduction in imposing sentence” even where the government had not filed a U.S.S.G. § 5K1.1 motion. 560 F.3d at 545. Therefore, if “the district court ... consider[s] the government’s intention to file a Rule 35(b) motion in imposing sentence — by, for example, imposing a higher sentence than it would have in the absence of the government’s stated intention — [a defendant’s] sentence is unreasonable, and we must remand for sentencing.” Id. at 546. The “mere mention of possible future cooperation or the possibility of filing a Rule 35 motion alone will not invalidate the district court’s” sentencing determination. Rosenbaum, 585 F.3d at 265 (quoting United States v. Ridge, 329 F.3d 535, 542 (6th Cir.2003)). Rather, this court “must review the sentencing transcript and the context of the record to determine if the prospect of a future Rule 35(b) motion ‘altered or influenced’ the sentencing judge’s” decision making on sentencing. Id. (quoting Ridge, 329 F.3d at 542); see Recla, 560 F.3d at 546-47 (remanding because the “record [was] ambiguous as to whether, in imposing sentence, the district court considered the government’s intention to file” a Rule 35(b) motion).
*92 Reda and Rosenbaum make dear that the concern they address is that an original sentence might be determined by the possibility that the court could have a later opportunity to reduce it. Here, while the district court mentioned the possibility of a Rule 35(b) motion, there is no indication that this belief influenced the district court’s sentencing rationale. See Rosenbaum, 585 F.3d at 266; United States v. Carlton, 356 Fed.Appx. 864, 870 (6th Cir.2009) (unpublished opinion). The district court raised the possibility of a Rule 35(b) motion sua sponte, presumably to signify to Warner that future cooperation with tangible results to the government would be considered by the court if raised on motion by the government.[1] There is no evidence that “the speculative prospect of a future motion by the government” altered or influenced the district court’s sentencing deliberations in this case. Id. Taken in the full context of the parties’ sentencing arguments and the language’s placement within district court’s § 3553(a) discussion, the district court’s Rule 35 language is most properly viewed “merely [as] a statement to [Warner] that there was a mechanism for further sentence reduction, not an indication that the district court was trying to preserve any portion of its discretion ... until after sentencing.” Id.-, see also Ridge, 329 F.3d at 542. The district court therefore did not plainly err in referring to the possibility of a future Rule 35(b) motion.
Warner next argues that the district court did not sufficiently explain its consideration of his other mitigating arguments, including his extreme remorse, mental health issues, and the sexual abuse he suffered as a child. Warner contends that it is not clear whether the court accepted or rejected his arguments or how they were taken into consideration. The district court, however, “need not explain its reasons for rejecting each argument made by a defendant.” Smith, 510 F.3d at 608. Where, as here, “the district court agrees with the Sentencing Commission’s recommendations ... the question is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant’s circumstances and took them into account in sentencing him.” Vonner, 516 F.3d at 387 (citing Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)) (internal citations and quotation marks omitted). Warner concedes that the district court acknowledged his mitigation arguments, and indeed the record reflects the district court’s express consideration of each mitigating factor proffered by Warner. On this record, the district court did not plainly err. Vonner, 516 F.3d at 388.
Finally, Warner challenges the district court’s failure to explain its conclusion that he has a high risk of recidivism. According to Warner, neither the government nor the district court cited any studies or statistics showing that there is a high rate of recidivism among those convicted of sexual crimes against children, nor stated why Warner personally would have a high risk of recidivism. Warner cites to several studies — not presented to the district court — that purport to demonstrate a low rate of recidivism among sex offenders. He argues that these studies belie the *93 district court’s conclusion on recidivism, and the district court’s failure to explain its rationale on his recidivism risk and failure to address the other mitigating arguments as they relate to recidivism deprived Warner of a procedurally reasonable sentence.
A district court “need not describe in detail or list all of the documents or other evidence it considered during sentencing.” United States v. Gale, 468 F.3d 929, 941 (6th Cir.2006). This court therefore presumes, “without some affirmative indication in the record to the contrary ... that a district court has reviewed the evidence provided to it.” Id. Here, the district court concluded, “based on [its] review of the entire record, that Mr. Warner [was] a significant risk to recidivate.” This followed the district court’s statement that it believed Warner needed “concentrated and hopefully effective sex offender therapy” and that “Warner was apprehended before there were more victims.” The record therefore demonstrates that the district court considered the issue of recidivism and explained its view that, based upon the specific evidence from the case before it, Warner posed a risk of recidivism. And because Warner did not object to the district court’s explanation at the time of sentencing, the district court was not able to correct any deficiency in its explanation “on the spot.” Vonner, 516 F.3d at 385 (citing United States v. Bostic, 371 F.3d 865, 873 (6th Cir.2004)). Based on this record, the district court did plainly err.
III.
A procedurally reasonable sentence is reviewed for substantive reasonableness under an abuse of discretion standard. Gall, 552 U.S. at 51, 128 S.Ct. 586. A “sentence may be substantively unreasonable ‘when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor.’” United States v. Borho, 485 F.3d 904, 908 (6th Cir.2007) (quoting United States v. Collington, 461 F.3d 805, 808 (6th Cir.2006)). Where the sentence falls within the Guidelines range, a presumption of reasonableness applies. Vonner, 516 F.3d at 389.
Warner’s brief substantive reasonableness challenge contends that his “individual characteristics speak to the propriety of a lower sentence in this case.” Warner argues that his criminal history, low risk of recidivism, extreme remorsefulness, and embrace of therapy all counsel a sentence that does not fall at the top of the guideline range and the statutory maximum.
This type of generalized challenge to the district court’s weighing of § 3553(a) factors cannot overcome the presumption of reasonableness. Houston, 529 F.3d at 756. As discussed above, the district court considered and balanced the mitigating facts cited by Warner with the “egregious” facts and circumstances of the case, including Warner’s assault and victimization of minors and the irretrievable placing of images of one of those minors on the internet. The record does not reflect that the district court arbitrarily selected a sentence or relied too heavily on any one factor. “The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects.” United States v. Jackson, 466 F.3d 537, 540 (6th Cir.2006). Because the district court adequately considered the factors set forth in § 3553(a) and imposed a sentence within the applicable Guidelines range, Warner’s sentence was reasonable.
*94 IV.
This court generally reviews a district court’s imposition of supervised release conditions for abuse of discretion. United States v. Carter, 463 F.3d 526, 528 (6th Cir.2006). Because Warner was given an opportunity to object to the conditions at sentencing but failed to do so, this court reviews the imposition of those conditions for plain error. United States v. Kingsley, 241 F.3d 828, 835 (6th Cir.2001).
As Warner concedes, this court has previously held that the issues related to the possible use of a penile plethysmograph on supervised release many years in the future is not ripe for review on direct appeal. United States v. Lee, 502 F.3d 447, 449-51 (6th Cir.2007); United States v. Massey, 349 Fed.Appx. 64, 70 (6th Cir.2009) (unpublished opinion) (concluding that because it would be “mere conjecture for this Court to try to define the parameters of Massey’s future supervised-release conditions,” a challenge to the optional use of a plethysmograph or an ABEL assessment following a 360-month sentence was not ripe for review). Because Warner’s challenge to the possible use of a penile pleth-ysmograph and an ABEL assessment is foreclosed by Lee, we decline to consider it.
V.
For the foregoing reasons, we affirm Warner’s conviction and sentence.

. Warner suggests that the district court stated that it would consider his presentence cooperation in connection with a Rule 35(b) motion. Although Warner is correct that the granting of a Rule 35(b) motion is based on post-sentencing co-operation, we see no reason to suppose that the district court was unaware of that. The district court’s comments more likely refer to considering any Rule 35 motion at a later time, rather than considering the presentence proffer later.