NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0229n.06

No. 19-1109

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff-Appellee,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
WILLIAM JOHN EASTERLING,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Defendant-Appellant.　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

**FILED**
Apr 28, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

BEFORE:　　DAUGHTREY, CLAY, and GRIFFIN, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. A jury convicted defendant William Easterling of two counts of sexual exploitation of a child, one count of attempted sexual exploitation of a child, and one count of possession of child pornography. After a sentencing hearing, the district court sentenced Easterling to 1,080 months (90 years) in prison and ordered him to pay a special assessment of $400 and an additional assessment of $5,000 mandated by the Justice for Victims of Trafficking Act (JVTA) of 2015, Pub. L. No. 114-22, 129 Stat. 227. On appeal, Easterling does not challenge the validity of his convictions but contends that the district court erred in ordering the $5,000 assessment and in imposing the 90-year prison sentence. Specifically, he argues that the lengthy prison sentence is substantively unreasonable and that the JVTA assessment should not have been imposed upon him in the absence of a finding that he was not indigent. For the reasons discussed below, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

As noted by the government during its argument at Easterling's sentencing hearing, the defendant appeared to the outside world to be "a pillar of the community and an example to follow," "present[ing] himself as a volunteer, a church youth group leader, a foster father, a Big Brother, mentor." In reality, however, Easterling used those positions, as well as gifts, outings, and outdoor opportunities, to gain the trust of young, teenage boys. Once he had ingratiated himself with the minors, Easterling at least twice convinced 16-year-old victim L.V., a boy suffering from cerebral palsy, to create videos of himself masturbating in the basement of the defendant's home. He also promised 13-year-old victim A.D. that he would let the minor drive Easterling's truck if the boy made videos of himself using a sex toy while naked. Furthermore, a search of the hard drive of one of Easterling's home computers revealed three images of A.D.'s 13-year-old twin brother "exposing his erect penis" in what appeared to be Easterling's home.

The trial testimony of the minor victims, in conjunction with the forensic evidence recovered from computers and phones owned by Easterling, convinced the jury to convict the defendant of the charged offenses. At the ensuing sentencing hearing, relatives of the victims testified regarding the trust they had placed in Easterling to mentor the boys and the damage the defendant had done to the young boys' lives. Easterling also offered his own statement in support of his request for leniency. In that rambling allocution, he claimed bizarrely that the boys were involved in Satan worship, that they had committed various acts of violence, and that his only objective in interacting with the teenagers was to prevent them from committing suicide.

In arriving at its sentencing determination, the district court took note of the fact that Easterling had no prior criminal history, that he had multiple post-high-school degrees, and that he had been employed regularly prior to his arrest for the crimes for which he was convicted. The

district court also explained, however, that Easterling's crimes had affected the victims and their families significantly and that the defendant had violated the trust placed in him as a mentor in the Big Brother/Big Sister program. Furthermore, because Easterling did not seem to understand that what he had done to the victims was wrong, the district court concluded that there needed to be special protection of the public from future acts of the defendant. The district court also discussed the need to deter Easterling and others from committing similar crimes, the need to promote respect for the law, and the need to provide appropriate punishment to reflect the seriousness of the offenses committed.

The U.S. Probation Office preliminarily calculated Easterling's total offense level to be 44. With a criminal history category of I, the probation officer concluded that Easterling's Guidelines sentence ordinarily would be life in prison. *See* U.S.S.G. ch. 5, pt. A. However, because the statutory maximum sentence for each of the sexual-exploitation charges was 30 years, 18 U.S.C. § 2251(e), and the statutory maximum sentence for the possession-of-child-pornography charge was ten years, *id.* § 2252A(b)(2), those statutory maximums became the appropriate Guidelines sentences. *See United States v. Buchanan*, 933 F.3d 501, 512 (6th Cir. 2019) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." (quoting U.S.S.G. § 5G1.1(a))). The district court then sentenced Easterling to 360 months (30 years) on each of the three counts involving sexual exploitation of a child, all three sentences to be served consecutively to each other, and to an additional 120 months (ten years) on the possession-of-child-pornography count, that sentence to be served concurrently with the other three sentences, "for a total period of incarceration of 1,080 months." The district court then announced in open court:

> The Court does not intend to impose a fine. The special assessment of $100 on each count for a total of $400 is ordered, plus the special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act of 2015. The special assessment shall be ordered due and payable immediately. Special assessments, the total is $5,400.
>
> As I said before, *the Court finds the defendant does not have the ability to pay a fine*. Accordingly, the fine is waived in this case.

(Emphasis added.)

## DISCUSSION

**Justice for Victims of Trafficking Act Assessment**

On appeal, Easterling first insists that the district court erred in imposing upon him the additional $5,000 JVTA assessment. In pertinent part, 18 U.S.C. § 3014(a) provides:

> Beginning on the date of enactment of the Justice for Victims of Trafficking Act of 2015 and ending on September 30, 2021, in addition to the assessment imposed [for each felony for which a defendant is convicted], the court *shall* assess an amount of $5,000 on *any non-indigent person* or entity convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children).

18 U.S.C. § 3014(a)(3) (emphases added). Easterling maintains, however, that because the district court never made a finding of non-indigency in this case, the JVTA assessment was improper.

Easterling did not raise this objection at sentencing. Thus, our review is for plain error only. *See, e.g.*, *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004). Under that standard of review, a defendant must "show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*) (internal quotation marks and citation omitted).

We previously have made clear that 18 U.S.C. § 3014 does not require the district court to make an explicit finding of non-indigency. *United States v. Shepherd*, 922 F.3d 753, 760 (6th Cir. 2019). "Indeed, the court has done its duty if the record makes clear that the sentencing judge

-4-

listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *Id.* (internal quotation marks and citations omitted). Moreover, because 18 U.S.C. § 3014's assessment "is akin to a fine imposed as part of a sentence," "the defendant bears the burden of proving indigency." *United States v. Wandahsega*, 924 F.3d 868, 889–90 (6th Cir. 2019) (citing U.S.S.G. § 5E1.2(a)).

In an effort to make the required showing of indigency, Easterling argues that his "divorce was finalized while he was in custody, and in lieu of spousal support, all his assets were given to his ex-wife." Consequently, he presently has no assets whatsoever and owes $427 on a Sears credit card. He further submits that his inability to pay the assessment is evidenced by the facts that he had a court-appointed attorney, that the presentence report did not recommend imposition of the JVTA assessment, and that, despite the defendant's work history and college degrees, he has no future earning capacity outside of prison because "the sentence here is one that he ordinarily would not survive." Finally, Easterling points out that the district court waived the imposition of any fine in this case because "the Court finds the defendant does not have the ability to pay a fine."

In *Shepherd*, we noted that although a district court's appointment of an attorney for a defendant is *probative* of indigency, it is not *dispositive* of the issue because the standards for eligibility for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, and for a finding of indigency under 18 U.S.C. § 3014 are different. *See Shepherd*, 922 F.3d at 758–59 (holding that, under the JVTA, a defendant must demonstrate both present and future impoverishment). And, even though Easterling most likely will spend the rest of his life in prison, incarceration does not necessarily mean that he cannot earn money in the future. *See id.* at 756 ("expected earnings from prison jobs range from $ .12 to—at most—$ .40 per hour"). Although those earnings are indisputably meager, they are funds that can be assigned to Easterling's financial

obligations and support the district court's finding that he will have the ability to work in prison. *See also Wandahsega*, 924 F.3d at 889

It is true that the court's determination that Easterling was unable to pay a fine could provide evidence that Easterling was indigent for purposes of the JVTA assessment. It is equally possible, however, that the district court merely found that Easterling was not financially able to pay the fine recommended by the probation officer *because of* the imposition of the JVTA obligation.

Easterling not only did not challenge the JVTA assessment before the district court, he failed to satisfy his burden of offering sufficient evidence of his indigency. Under these circumstances, we cannot conclude that the district court committed plain error in imposing the JVTA assessment.

**Substantive Reasonableness of the 90-Year Prison Sentence**

In his only other issue on appeal, Easterling challenges the substantive reasonableness of his prison sentence. We review such a reasonableness challenge under a deferential abuse-of-discretion standard. *United States v. Pearce*, 531 F.3d 374, 384 (6th Cir. 2008). When conducting review of a sentence for substantive reasonableness, we "will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). A claim of substantive unreasonableness is, at its heart, "a complaint that the court placed too much weight on some of the [18 U.S.C.] § 3553(a) [sentencing] factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir.), *cert. denied*, 139 S. Ct. 264 (2018). We "may apply a rebuttable presumption of reasonableness to sentences within the Guidelines," *Pearce*, 531 F.3d at 384 (citing *Gall*, 552 U.S. at 51), and may not reverse a district court's sentencing determination simply

because we "might reasonably have concluded that a different sentence was appropriate." *Gall*, 552 U.S. at 51.

Easterling claims that the 1,080-month sentence imposed upon him was substantively unreasonable because other individuals convicted of similar crimes received more lenient sentences and because the district court placed too much emphasis on the deterrent effect of a lengthy sentence and not enough emphasis on the facts that Easterling did not abuse his victims physically. There is no dispute that 18 U.S.C. § 3553(a)(6) requires a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In arguing that the district court in this case gave short shrift to that consideration, Easterling points to three cases in which defendants received sentences less than 1,080 months for acts that Easterling alleges were more egregious than his.

The first of those cases, *United States v. Prive*, No. 6:14-CR-33-Orl-28KRS, 2015 WL 12966285 (M.D. Fla. Apr. 27, 2015), *aff'd*, 653 F. App'x 896 (11th Cir. 2016) (per curiam), involved a defendant who sexually abused another man's three-year-old daughter by "rubb[ing] his penis against the child's vagina, plac[ing] his penis in the child's mouth, touch[ing] the child's vagina with his hand, and ejaculat[ing] on the child's stomach." *Id.* at *1. Although Prive's actions involved physical, sexual contact with a minor child, the district court in that case sentenced Prive to 365 months in prison, a sentence roughly one-third as long as Easterling's sentence. *Id.* at *8. Other factors, however, justify the increased punishment in Easterling's case. As revolting as Prive's actions were, they involved only one child, rather than the three individuals exploited by Easterling. Moreover, Prive pleaded guilty to the charges against him, resulting in a lower Guidelines sentencing range. Easterling, on the other hand, refused to concede that he had done anything wrong in gaining the teenagers' trust and convincing them to record themselves in

compromising activities. Furthermore, although Easterling claims that he had no physical contact with any of the boys that he enticed to video themselves in the nude, victim L.V. told the probation officer during an interview that, besides being asked by the defendant on multiple occasions to take pictures and videos of himself, Easterling "would touch or fondle him," beginning "around when [L.V.] was 13." According to L.V., "this happened for the first time when [L.V.] was sleeping and occurred when they would watch movies together. [L.V.] said the conduct continued and occurred almost every time he went to the Easterling home for a two-year period of time." Thus, Easterling too engaged in inappropriate, illegal, sexual contact with at least one victim of his crimes.

In *United States v. Warner*, 399 F. App'x 88, 89 (6th Cir. 2010), the defendant received a 360-month sentence after pleading guilty to producing and distributing child pornography and admitting that he twice engaged in sexual relations with a 12-year-old boy. Again, as did the defendant in *Prive*, Warner admitted his guilt and expressed "extreme remorsefulness" for his crimes. *Id.* at 93. Such contrition stands in stark contrast to Easterling's allocution in which he blamed the victims themselves for his own misdeeds.

Finally, Easterling highlights the fact that the defendant in *Wandahsega* received a sentence of only 288 months for touching the genitalia of his six-year-old son on multiple occasions. *Wandahsega*, 924 F.3d at 876, 878. Again, however, Easterling also fondled at least one of his victims on multiple occasions and exploited more than one victim. These facts could justify imposing consecutive sentences that would exceed the punishment imposed upon another individual who sexually abused only one child.

Other § 3553(a) factors in this case also support the district court's sentence that ultimately was 120 months, or ten years, *below* the maximum possible Guidelines-range sentence. As the

district court noted, because Easterling continued to deny that he had done anything wrong in his interactions with the boys, it was especially important to protect society from further contact with the defendant and to deter not only Easterling but other individuals like him from similar actions. Moreover, the fact that Easterling used his positions of trust as a youth leader, a mentor, and a Big Brother to prey upon children magnified the effect of his offenses.

As the Supreme Court explained in *Gall*, "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." 552 U.S. at 51. Nothing in this appellate record leads us to conclude that Easterling has rebutted the presumption that the sentence imposed upon him in this case was substantively reasonable. Because the district court did not abuse its discretion in weighing the § 3553(a) factors to fashion an appropriate prison sentence for Easterling, this issue is without merit.

**CONCLUSION**

For the reasons discussed, we find that Easterling has failed to establish error in the district court's determination of the proper components of the defendant's sentence. We thus AFFIRM the judgment of the district court.