**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0648n.06
Filed: October 23, 2008

No. 06-4616

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO. |
| MAURICE MCCREE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: **MOORE, GRIFFIN, and BRIGHT,**[*] **Circuit Judges.**

**PER CURIAM**. Appellant Maurice McCree received a sentence of 105 months' imprisonment after pleading guilty to being a felon in possession of a firearm and knowingly possessing an unregistered sawed-off shotgun. On appeal, McCree challenges his sentence, arguing that the district court[1] abused its discretion by running his 105-month sentence consecutive to, rather than concurrent with, his unrelated 28-year state sentence for aggravated murder. Having jurisdiction under 28 U.S.C. § 1291, we conclude that the district court did not commit procedural error in imposing a sentence to run consecutively to his state sentence. Accordingly, we affirm.

I. BACKGROUND

---

[*]The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

[1]The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio.

In March 2005, a federal grand jury sitting in the Northern District of Ohio returned a two-count indictment charging appellant Maurice McCree with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000) and knowingly possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d) (2000). In April 2005, McCree pleaded not guilty to each count of the indictment.

In March 2006, while his federal case was pending, McCree was convicted in Ohio state court of aggravated murder and sentenced to serve 28 years' imprisonment. After negotiations between the Government and McCree (and his counsel), McCree pleaded guilty to both federal counts in September 2006. As part of the plea negotiation, the Government agreed to recommend to the district court that it impose a sentence to be served concurrently with McCree's state sentence.

In November 2006, the district court sentenced McCree to two terms of 105 months' imprisonment. The district court ran the sentences concurrently with each other, but, rejecting the Government's recommendation, ran them consecutive to McCree's state murder conviction. The district court also sentenced McCree to three years of supervised release and ordered him to pay a special assessment. McCree filed a Motion to Correct Sentence, and, in response, the district court issued a Sentencing Memorandum in December 2006. McCree filed a timely notice of appeal with this court on December 4, 2006.

## II. DISCUSSION

McCree contends that the district court committed procedural error in imposing his sentence. The Government responds that (1) the appellate-waiver provision in McCree's plea agreement precludes an appeal of this issue, and (2) even if McCree has not waived the issue, the district court

did not abuse its discretion by imposing a consecutive sentence. We will assume that McCree's assertion of procedural error in the sentence can be appealed.[2] Nevertheless, we conclude that the district court did not abuse its discretion.

This court reviews the imposition of a particular sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 591 (2007). The deferential abuse-of-discretion standard also applies to the review of a district court's imposition of a concurrent or consecutive term of imprisonment. *United States v. Watford*, 468 F.3d 891, 915 (6th Cir. 2006). When a district court "makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense, it does not abuse its discretion." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998).

Generally, a district court has discretion to impose a consecutive, partially consecutive, or concurrent term of imprisonment on a defendant who is already subject to an undischarged term of imprisonment. *See* 18 U.S.C. § 3584(a) (2000); *see also* U.S.S.G. § 5G1.3(c). In exercising this discretion, the district court "shall consider . . . the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3584(b) (2000). In addition to the factors in § 3553(a), note three of section 5G1.3 of the Sentencing Guidelines provides that a district court should consider the "type . . . and length of the prior undischarged sentence"; the "time served on the undischarged sentence and the time likely to be served before release"; the fact that the prior undischarged sentence "may have been imposed in

---

[2]The defendant in his waiver of appeal reserved certain rights relating to his sentence if it "exceeds the maximum of the sentencing range determined under the advisory sentencing guidelines . . . ." For the purpose of this case, we construe the language broadly and consider the appeal on its merits.

state court rather than federal court, or at a different time before the same or different federal court";

and "[a]ny other circumstance relevant to the determination of an appropriate sentence." U.S.S.G.

§ 5G1.3 cmt. n.3. Additionally, multiple terms of imprisonment are presumptively consecutive when

imposed at different times. *See* § 3584(a) ("Multiple terms of imprisonment imposed at different

times run consecutively unless the court orders that the terms are to run concurrently.").

McCree argues that the district court abused its discretion by running his 105-month sentence

consecutive to, rather than concurrently with, his 28-year state sentence without "fully consider[ing]

the factors set forth in Application Note 3 of the Sentencing Guideline 5G1.3." To support his

argument, McCree claims that the district court did not mention U.S.S.G. § 5G1.3 or the application

note at sentencing and the presentence investigation report "contains no reference to that application

note [or] to 5G1.3 in general." McCree also claims that the district court did not consider § 5G1.3

cmt. n.3(A)(ii) and (iii).

We conclude that McCree's arguments are unpersuasive. The record shows that the district

court considered the factors necessary to support its decision to run McCree's sentence consecutive

to his state sentence. As an initial matter, the district court issued a Sentencing Memorandum in

which it expressly cited § 5G1.3 in explaining its decision to impose a consecutive, rather than

concurrent, sentence. This puts McCree in a difficult position to argue that the district court failed

to consider § 5G1.3.

Additionally, the sentencing transcript shows that the district court made "generally clear"

its rationale for imposing a consecutive sentence. *See Owens*, 159 F.3d at 230. For example, it is

undisputed that the district court considered the factors in § 3553(a), thereby satisfying the first

factor of § 5G1.3 cmt. n.3. The sentencing transcript also shows that the district court described the nature, circumstances, and length of McCree's state sentence. Thus, the district court was aware of the "type . . . and length of the prior undischarged sentence." § 5G1.3 cmt. n.3(A)(ii). Although the district court did not state on the record that it had considered the "time served on the undischarged sentence and the time likely to be served before release," § 5G1.3 cmt. n.3(A)(iii), the date of McCree's state conviction was in the presentence investigation report, which the district court acknowledged reviewing, and the district court knew that McCree was incarcerated at the time of sentencing. Finally, the district court knew that McCree's aggravated murder sentence had been "imposed in state court rather than federal court." § 5G1.3 cmt. n.3(A)(iv).

Because the record establishes that the district court considered the factors described in 18 U.S.C. § 3584 and the relevant Sentencing Guidelines provision in determining whether to run McCree's sentence consecutive to, or concurrently with, his state sentence, the district court did not commit procedural error, nor did it abuse its discretion in imposing McCree's sentence.

III. CONCLUSION

Accordingly, we affirm.