NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0690n.06

No. 08-1563

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 20, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| *Plaintiff-Appellee,* | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | **O P I N I O N** |
| SCOTT A. MASSEY, | ) | |
| | | |
| *Defendant-Appellant.* | | |

BEFORE:    MARTIN, COLE, and KETHLEDGE, Circuit Judges.

**COLE, Circuit Judge**. Scott Massey appeals the sentence imposed by the district court after he pleaded guilty to interstate distribution of child pornography, possession of child pornography, and attempted enticement to travel for criminal sexual activity. The district court upwardly departed from the advisory Guideline range of 262 to 327 months for extreme conduct under U.S.S.G. § 5K2.8 and imposed a 360-month sentence. In the alternative, the district court relied on its authority under *United States v. Booker*, 543 U.S. 220 (2005), to vary from the Guidelines and impose the 360-month sentence. Massey argues that his above-Guideline-range sentence is procedurally and substantively unreasonable; he also challenges the special conditions of his supervised release. Because Massey's sentence is procedurally and substantively reasonable, we **AFFIRM**.

## I. BACKGROUND

Massey pleaded guilty to one count of interstate distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1),(b)(1), and 2256(8)(B); one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256(8); and one count of attempted enticement to travel for criminal sexual activity in violation of 18 U.S.C. § 2422(a). The Presentence Investigation Report ("PSR") calculated Massey's advisory Guideline range at 262 to 327 months, based on a total offense level of 39 and a criminal history category of I. Neither the Government nor Massey objected to the calculations. The PSR also recommended an upward departure under U.S.S.G. § 5K2.8 for "extreme conduct" because Massey attempted to solicit an undercover police officer to abduct, torture, rape, and murder his eight-year-old niece.

At sentencing, the district court agreed with the PSR and imposed a 360-month sentence. The district court relied on two bases for its decision. First, the court concluded that the heinousness of Massey's offenses justified an upward departure under U.S.S.G. § 5K2.8. The court focused on the graphic language that Massey used to entice the undercover police officer to harm Massey's niece and the details about her that Massey shared with others online that made her a vulnerable target for predators. In the alternative, the district court relied on its discretionary authority under *Booker* to vary from the Guidelines. The court applied the factors in 18 U.S.C. § 3553(a) and concluded that Massey's offenses justified an upward variance to 360 months.

In addition to the custodial sentence, the district court imposed supervised release for life under 18 U.S.C. § 3583(k) with special conditions, including sex-offender assessment and treatment

involving plethysmograph and/or Abel assessment and a requirement that Massey report all of his electronic addresses to his probation officer. At sentencing, Massey did not object to either the custodial sentence or to the supervised-release conditions.

## II. ANALYSIS

### A.    Procedural Reasonableness

Sentences imposed under an advisory Sentencing Guidelines regime are reviewed for procedural and substantive reasonableness. *United States v. Webb*, 403 F.3d 373, 383-85 (6th Cir. 2005). We have held that whether a sentence is procedurally reasonable depends on three factors: (1) whether the district court correctly calculated the applicable Guidelines range and used it as a starting point for its sentence analysis; (2) whether the parties were given the opportunity to argue for sentences they deemed appropriate, and whether the district court made an individualized sentencing decision based upon the facts and § 3553(a) factors; and (3) whether the district court explained its reasoning with enough detail to allow for meaningful appellate review and to give the impression of fair sentencing. *United States v. Bolds*, 511 F. 3d 568, 579-80 (6th Cir. 2007). On the third point, a district court's explanation is adequate if it demonstrates that the court considered the parties' arguments and had a reasoned basis for its decision. *Id.* at 580 (citing *Rita v. United States*, 551 U.S. 338 (2007)).

#### 1.    U.S.S.G. § 5K2.8

Massey argues that his 360-month sentence is procedurally unreasonable because the district court misapplied U.S.S.G. § 5K2.8. Section 5K2.8 provides that "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence

above the guideline range . . . ." The guideline goes on to cite the following examples: "torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." U.S.S.G. § 5K2.8. Massey argues that § 5K2.8 requires "physical harm" or "significant direct harm," and because none of his victims were harmed, the court cannot upwardly depart.

We disagree. As an initial matter, we note that the statute does not require "physical harm," so Massey's argument to the contrary is not well-taken. Additionally, we reject Massey's argument that the Government did not establish harm. The record reflects that Massey's niece's life has changed because Massey targeted her and disseminated information about her. Her parents now keep her under constant supervision, no longer allow her to ride her bicycle on the road, and no longer allow her to attend sleep-overs at friends' houses. In addition, her father switched from working third shift to first shift to be home during evenings and nights, and her parents live in constant fear because Massey shared detailed information about their daughter to predators online. We therefore find that Massey's niece was sufficiently harmed to warrant departure under U.S.S.G. § 5K2.8.

Finally, we conclude that the district court adequately justified upwardly departing. *See United States v. Baker*, 339 F.3d 400, 404 (6th Cir. 2003) ("This court has upheld such upward departures [under U.S.S.G. § 5K2.8] in almost every case where the district court gave a specific justification."). At sentencing, the district court described the details that Massey provided to others so that his niece could be found, including her home and school addresses and photos of her—both fully clothed photographs and digitally altered photographs with her face transposed on dead or naked children. The district court also recited parts of the colloquy between Massey and the

undercover police officer that described in graphic detail how Massey wanted his niece abducted, tortured, raped, and murdered. After considering this colloquy and other parts of the record, the court concluded that Massey is a danger to the community and upwardly departed. For all of these reasons, we conclude that the district court adequately justified its decision to depart.

    2.    *18 U.S.C. § 3584*

In the alternative, the district court relied on its discretionary authority under *Booker* to vary from the Guidelines and impose consecutive sentences under 18 U.S.C. § 3584. Under § 3584, if multiple terms of imprisonment are imposed on a defendant at the same time, the terms may run concurrently or consecutively. A court must, however, consider the statutory factors in 18 U.S.C. § 3553 when determining whether to impose consecutive sentences. *See* 18 U.S.C. § 3584(b). "The deferential abuse-of-discretion standard applies to the review of a district court's imposition of a concurrent or consecutive term of imprisonment." *United States v. McCree*, 299 F. App'x 481, 482-83 (6th Cir. 2008). Moreover, "[w]hen a district court 'makes generally clear the rationale under which it has imposed the consecutive sentence and seeks to ensure an appropriate incremental penalty for the instant offense, it does not abuse its discretion.'" *Id.* at 483 (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)).

Here, Massey pleaded guilty to one count of distribution of pornography, which carries a maximum sentence of 240 months; one count of possession of child pornography, which carries a maximum sentence of 120 months; and one count of attempted enticement, which carries a maximum sentence of 240 months. Accordingly, Massey's statutorily authorized maximum sentence was 600 months. However, as discussed above, the Guidelines range for Massey's offense was 262-

327 months. Therefore, we must decide whether the district court abused its discretion by varying from the Guidelines range and sentencing Massey to serve his sentence on count three (possession) consecutively to his concurrent sentences for counts one (distribution) and four (attempted enticement).

On several occasions, we have have upheld non-Guidelines consecutive sentences. *See, e.g.*, *United States v. Erpenbeck*, 532 F.3d 423 (6th Cir. 2008) (upholding consecutive sentences of 240 months and 60 months, where Guidelines range was 188-235 months); *United States v. Wells*, 473 F.3d 640 (6th Cir. 2007) (upholding consecutive sentences of 120 months and 80 months, where Guidelines range was 140-175 months). The touchstone of these cases is determining whether the district court adequately considered the § 3553(a) factors. *See Erpenbeck*, 532 F.3d at 430. Section 3553(a) instructs the court to consider seven factors: (1) "the nature and circumstances of the offense"; (2) "the history and characteristics of the defendant"; (3) the kinds of sentences available; (4) the Guidelines range; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid sentencing disparities among similarly situated defendants; and (7) the need to provide restitution to victims.

We conclude that the district court adequately applied the facts of this case to the § 3553(a) factors. First, the district court cited the statute and explained the purposes of sentencing and of the Sentencing Guidelines. Next, the court recognized that, under *Booker*, the Guidelines are not binding on the court. The court then, as described above, recounted some of the details of Massey's conduct. Throughout the description, the court explained the magnitude of Massey's offenses and

why this case warrants departure or variance. The court continued by acknowledging Massey's (and

his family's) pain, and recognized that Massey will no longer be able to see his young son on a

regular basis. Because of its thorough analysis, we conclude that the district court made an

individualized sentencing decision and explained its reasoning with enough detail to be procedurally

reasonable. *See Bolds*, 511 F.3d at 580.

**B.      Substantive Reasonableness**

Procedurally reasonable sentences are reviewed for substantive reasonableness under an

abuse-of-discretion standard, regardless of whether the sentence is within or outside the Guidelines

range. *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) (en banc). Under an abuse-of-

discretion standard, the district court's substantive conclusions about the relative significance of the

various sentencing factors is beyond the scope of appellate review. *United States v. Sexton*, 512 F.3d

326, 332 (6th Cir. 2008). Therefore, we will not reverse a sentence as substantively unreasonable

based simply on a complaint that a sentence is too severe or that the district court incorrectly

weighed certain factors. *See United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008). Also,

while sentences within the Guidelines range are presumed reasonable, the substantive reasonableness

of a sentence that varies outside the Guidelines range is reviewed only for abuse of discretion,

without benefit or burden of a presumption in its favor or to its detriment. *Bolds*, 511 F.3d at 579-81

(citing *Gall v. United States*, 128 S. Ct. 586, 597 (2007)); *see also United States v. Herrera-Zuniga*,

571 F.3d 568, 588 (6th Cir. 2009) ("[W]e apply a presumption of reasonableness only to sentences

falling within the initial sentencing range recommended under the Guidelines.").

Massey makes two arguments that his sentence is substantively unreasonable. First, he argues that the child-pornography Sentencing Guidelines are a "purely political product" and not a product of the Sentencing Commission carrying out its institutional responsibilities; therefore, the district court should not have relied on the Guidelines as the starting point for its sentencing analysis. Massey's argument contradicts the Supreme Court's directive in *Gall*: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." 128 S. Ct. at 596. In addition, Massey misreads the case on which he relies—*Spears v. United States*, 129 S. Ct. 840 (2009). In *Spears*, the Supreme Court held that the district court did not abuse its discretion by categorically rejecting the 100:1 crack-to-powder ratio when sentencing a defendant for conspiracy to distribute cocaine base and powder cocaine. *Id.* at 841. But *Spears* did not hold that a district court *must* deviate from the Guidelines; the Court simply held that the district court did not abuse its discretion by deviating from the Guidelines. *Id.* Accordingly, Massey's argument that the district court's reliance on the Guidelines was an abuse of discretion is opposite to *Spears*'s holding, and the district court did not abuse its discretion by using the Guidelines as its starting point for its analysis.

Next, Massey argues that his sentence is substantively unreasonable because the imposition of the statutory maximum sentences for the distribution and enticement charges leaves no margin to make reasoned distinctions between Massey's crimes and more serious offenses. Massey's argument has two fatal flaws. First, while he received the statutory maximum sentences for two of his offenses, he will serve his third sentence (for possession) concurrently with his other sentences.

Thus, an offender charged with the same three offenses as Massey could receive a sentence of 600 months—240 months more than Massey's sentence.

Second, it was within reason for the district court to conclude that Massey's conduct was egregious, even when compared to the conduct of other offenders. Massey targeted his niece with whom he had personal contact. He transposed her face on images of naked and dead children and shared detailed information about her with individuals over the internet to entice them to abduct, rape, torture, and murder her. Thus, this is not a run-of-the mill attempted-enticement offense. Moreover, Massey possessed over 3000 images of child pornography. Under the Sentencing Guidelines, the offense level is increased by five levels if an offender has 600 or more images, U.S.S.G. § 2G2.2(b)(7)(D); Massey had five times that amount. Finally, the forensic examiner for this case said that Massey's collection of pictures was one of, if not the most, disturbing he had ever seen. In short, Massey's offenses are not so garden-variety as to require a greater margin between his sentence and other offenders' sentences, and we conclude that his sentence is substantively reasonable.

**C.     Supervised-Release Conditions**

Massey also challenges his supervised-release conditions, specifically taking exception to Special Conditions 4 and 10. Special Condition 4 requires Massey to "participate in a sex offender assessment and/or other treatment as approved by the probation officer which may include physiological testing such as a polygraph, plesthmograph [sic], and/or ABEL assessment." Special Condition 10 requires Massey to "report all electronic addresses from which he sends or receives any

electronic communications to the Probation Officer. The defendant's electronic addresses and related accounts will be subject to search . . . ."

We do not address the merits of Massey's claims today, however, because they are not ripe. *Cf. United States v. Lee*, 502 F.3d 447, 450 (6th Cir. 2007) ("[W]e hold that the condition of supervised release that [the defendant] challenges is not yet ripe for review."). In *Lee*, the defendant challenged his conditions of supervised release, including the use of penile plethysmograph testing. We held that the challenge was not ripe for two reasons. First, the condition implicated only the potential use of the testing; therefore, the defendant might never be subject to penile plethysmograph. *Id.* Second, the defendant would not be released from prison until 2021 (fourteen years from the date of his challenge). *Id.* at 450-51. We explained that it is too difficult to predict whether the Probation Office, at that time, will determine that penile plethysmograph treatment is necessary, and "given that the occasion may never arise, [defendant's] contention that he will actually be subject to penile plethysmograph is mere conjecture." *Id.* at 450.

The same reasoning applies here. The use of a plethysmograph or an Abel assessment are simply two options that Massey's probation officer may choose. Thus, like the defendant in *Lee*, the use of these assessments is optional. Moreover, Massey's sentence of 360 months puts his future supervised-release conditions even farther into the future than the defendant's in *Lee*. It would be "mere conjecture" for this Court to try to define the parameters of Massey's future supervised-release conditions. Accordingly, Massey's challenges to Special Conditions 4 and 10 are not ripe for review.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** Massey's sentence.