NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1296n.06

No. 12-1324

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 18, 2012**

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Plaintiff-Appellee, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | ) | O P I N I O N |
| GARY KLIEBERT, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  McKEAGUE and GRIFFIN, Circuit Judges; and DLOTT, District Judge.[*]

**DLOTT, District Judge.**  Gary Kliebert challenges the procedural and substantive reasonableness of his above-Guidelines, statutory maximum sentence for receipt of child pornography.  For the reasons that follow, we affirm.

**I. BACKGROUND**

Information from Italy's Centre for Combating Pedophilia Online directed Homeland Security Investigations ("HSI") agents to an Internet Protocol ("IP") address registered to Martha Kliebert, wife of Defendant Gary Kliebert.  Agents obtained a search warrant for the Kliebert home, and Gary Kliebert consented to be interviewed by the agents.  Kliebert confessed to frequently downloading child pornography and led agents to a hidden location in his basement where he had stored two laptop computers, an external hard drive, a hand video recorder, a wireless router, money,

---

[*] Honorable Susan J. Dlott, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

and letters. Kliebert had hidden these items below a fake panel in a shelving unit in his basement.

Kliebert admitted to the agents that he had started looking at child pornography about eight years previously while working as a special education teacher and that his viewing of child pornography "got worse" after his retirement. Kliebert told an agent that he masturbated to child pornography and adult pornography each day and spent approximately two to three hours each day viewing child pornography. However, he told the agents that he could never molest a child.

Initial forensic investigation of one of Kliebert's two laptops revealed 1,492 images of known child pornography including 16 images of child pornography with animals and 9 images of child pornography involving bondage; 1,112 images of suspected child pornography; 556 child pornography videos; 3 child pornography videos involving bondage; and 1 child pornography video involving bestiality. Initial forensic review of the external hard drive revealed 15,375 images of known child pornography including 1 image specifically identified as a bondage/torture image and 470 known child pornography videos, 23 suspected child pornography videos, and over 100,000 additional images of suspected child pornography. According to the Presentence Investigation Report ("PSIR"), investigators did not come up with a precise number of child pornographic images on the hard drive due to the sheer number of images. A forensic examination of Kliebert's electronic media completed subsequent to the preparation of the revised PSIR found the equivalent of 872,138 images of rape, abuse, and sexual exploitation of children. When asked at his plea hearing the quantity of child pornographic images he had received, Kliebert responded that it was approximately one million.

During a consensual polygraph examination that took place after his initial interview with investigating agents, Kliebert admitted that, in fact, he had sexually abused a child. Specifically, he admitted that he once had sexual contact with his minor niece five or six years ago when she was approximately sixteen years old.

Agents then interviewed Kliebert's niece, at that point a college student. She informed them that Kliebert had had sexual contact with her not once, but numerous time over a period of five years beginning when she was eleven years old. The incidents of contact typically entailed Kliebert touching his minor niece's breasts and vaginal area over her clothing. Kliebert continued to molest his niece until she was sixteen, when Kliebert's wife found his laptop computer with the pornography on it and alerted the victim's mother. Kliebert was never alone with his niece after that.

A few weeks after his release on bond, Kliebert consulted Dr. Gerald A. Shiener, M.D., a fellow with the American Psychiatric Association, for a psychiatric evaluation. Kliebert told Dr. Shiener that he cooperated with the police and told them "everything." He also described "an incident" with his niece in which he admitted he "went too far" and touched her perineum. Based on his interview with Kliebert, Dr. Shiener concluded that Kliebert's interest in child pornography was "more in keeping with a fetish than with any diagnosis of pedophilia," that Kliebert had no history of pedophilic behavior, and that Kliebert was unlikely to be a threat to the community. Dr. Shiener was unaware of the extent and frequency of Kliebert's molestation of his niece.

Three days after his psychiatric evaluation with Dr. Shiener, Kliebert began psychotherapy with licensed social worker Martha Maceroni. Kliebert participated in therapy sessions weekly or a minimum of twice per month from August 2011 until at least January 2012. Maceroni wrote in

a Clinical Progress Report provided to the district court that Kliebert had complied with psychiatric medication treatment, that he remained on anti-depressant and anti-anxiety medications, and that he reported significant positive outcomes. Maceroni stated that Kliebert had done much self-examination, was committed to this work, and had made impressive therapeutic gains. Maceroni also reported that Kliebert took full responsibility for his actions and had remorse for those choices. In conclusion, Maceroni opined that there was a high probability that Kliebert could and would resolve his sexual preoccupation.

Kliebert pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Kliebert's sexual abuse of his niece is not a charged offense in this case. Kliebert's total offense level was thirty-five following various enhancements and a reduction for the acceptance of responsibility. Kliebert had no criminal history, corresponding to a criminal history category of I. Kliebert's resulting advisory sentencing guidelines range was 168 to 210 months of imprisonment. Pursuant to 18 U.S.C. § 2252A(b)(1), the minimum term of imprisonment was five years with a maximum term of twenty years.

In its sentencing memorandum, the Government asked the district court to sentence Kliebert to 210 months, the top of the Guideline range, focusing largely on the fact that the number of images and the number of children involved in Kliebert's collection of child pornography was simply staggering.

In his sentencing memorandum, Kliebert requested a downward variance to a below-Guidelines sentence of 60 months, the mandatory minimum for the crime. Kliebert's attorney emphasized that Kliebert had been a participant in group therapy, had taken full responsibility for

his inappropriate conduct, and was taking steps to address his psychiatric and criminal issues through medication and therapy.

A few days before Kliebert's sentencing hearing, the agents assigned to the case received a phone call from one of Kliebert's sisters, who put them in touch with another sister who then provided a statement to the agents. A woman who identified herself as Kliebert's sister told the agents that Kliebert himself, in addition to their father, sexually abused her when they were living together and growing up as kids. She also said that she did not believe that Kliebert was sexually assaulted by their father. The agents gave the woman an opportunity to make a written statement, but she declined to do so. The Assistant United States Attorney provided this information to the district court and defense counsel prior to the sentencing hearing.

At the outset of the sentencing hearing, the district court advised the parties that it had carefully reviewed the PSIR, the Government's Sentencing Memorandum and victim letters, the Defendant's Sentencing Memorandum, Dr. Shiener's and the therapist's letters, and letters from Kliebert's friends and family.

The district court then considered an objection raised by Kliebert's attorney regarding the statement Kliebert's sister had recently made to the agents. Counsel urged the court not to consider the sister's allegations when fashioning a sentence for Kliebert, asserting that it would violate Kliebert's Sixth Amendment rights because he was not in a position to cross-examine that individual regarding her statement or even determine if she was who she claimed to be. The court did not rule on Kliebert's objection.

During argument to the district court, Kliebert's counsel reiterated his request for a below-Guidelines sentence. Whereas he initially requested a five-year sentence in his sentencing memorandum, at the sentencing hearing defense counsel suggested that a sentence of eight years would be fair, noting that Kliebert sought help to overcome his psychiatric disorder and had expressed complete remorse for his conduct.

After hearing arguments from both sides and a statement from Kliebert, the district court discussed Kliebert's offense conduct. He described the images Kliebert collected as "disturbing," referring particularly to those showing child torture and forced bestiality. He also discussed Kliebert's molestation of his niece. He then addressed the following factors under 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense, (2) Kliebert's history and characteristics, (3) the need for the sentence imposed to reflect the seriousness of the offense; (4) the need for the sentence imposed to promote respect for the law and just punishment; (5) the need for the sentence to afford adequate deterrence to criminal conduct and protect the public from further crimes; (6) the need to provide the defendant with correctional treatment; and (7) the kinds of sentences available and the sentencing range under the Guidelines. The district court did not mention the need to avoid unwarranted sentence disparities among defendants with similar records who had been found guilty of similar conduct, a sentencing factor specified in 18 U.S.C. § 3553(a)(6).

The district court mentioned Kliebert's sister's statement three times during the sentencing, each time in a reference to Kliebert's dishonesty or lack of credibility. First, the court said, "[y]ou assert that you and your sisters were the victims of sexual abuse, yet your sister in her statement . . . states that she does not believe you are or were the victim of sexual abuse." Later, the court said,

"[y]ou also . . . assert that somehow you may be a sympathetic . . . person because of abuse that occurred to you in the past, which again has been thrown into question by your sister's statement . . . that you were not the victim of abuse as a child." Finally, the court noted, "I argue that you've been less than candid and I think you've tried to foster some sort of sympathy about being molested as a child by your father. And again, [your sister] asserts that you were not molested by your father."

Prior to announcing Kliebert's sentence, the district court noted defense counsel's request for a downward variance to eight years' imprisonment. Then, the district court sentenced Kliebert to 240 months imprisonment and recommended placement in a residential sex offender treatment program. The district court specified that it had considered the following factors when varying above the Guidelines range to arrive at a sentence of 240 months: (1) the vast number of images involved; (2) the disturbing nature of the images including bestiality, bondage, and torture of children; (3) the trauma to the victims of the child pornography, and (4) Kliebert's molestation of his niece.

The district court again acknowledged that defense counsel had asked for a downward variance to eight years. "In response," the court said, "considering the nature of the defendant's conduct, the disturbing, troubling child pornography he had, his actions, his repeated attempts in acquiring of this pornography involving our children, real children, I just could not vary, Mr. Rabaut, and I could not vary, I should say, the way you wanted me to vary."

Following the district court's imposition of the sentence, Kliebert's counsel again raised the issue of the sister's interview with the agents and specifically objected to the court's repeated reference to that statement during the hearing. The district court indicated that it recognized there

were two potential messages to be drawn from Kliebert's sister's statement: (1) that Kliebert was not credible, and (2) that Kliebert had molested her when she was a child. The district court dismissed the suggestion that it had relied on the sister's statements in deciding that Kliebert had been dishonest, saying that "the issue of his being candid . . . was already raised in another fashion . . . what he initially told the agent regarding his niece, and what he told his treating physician regarding his contact with his niece[,] and what the niece has told us in the presentence report that was received without objection." Similarly, the district court refuted that it had given weight to the sister's allegation of molestation, saying "I note that she has made a claim that she was molested, but, in fact, we already have the presentence report, clearly outlining an act or acts of multiple molestation of a child. So whatever impact that had, that statement by his sister that he molested – your client molested her as a child, was certainly, if anything, minimal to any sentence that I gave or nonexistent." The district court then asked if it had covered all of defense counsel's objections to the sentence, and counsel said that the court had. Kliebert now brings this appeal challenging the reasonableness of the sentence imposed.

## II. ANALYSIS

We review Kliebert's sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Novales*, 589 F.3d 310, 314 (6th Cir. 2009).[1] We first

---

[1] While sentencing review generally is conducted under the abuse-of-discretion standard, "'if a sentencing judge asks . . . whether there are any objections not previously raised, in compliance with . . . *[United States v.] Bostic*, 371 F.3d 865 [6th Cir. 2004,] and if the relevant party does not object, then plain-error review applies on appeal' to those procedural-reasonableness arguments that were not previously raised in the district court." *United States v. Morgan*, 687 F.3d 688, 694 (6th Cir. 2012) (quoting *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008)). The plain-error standard is the standard most favorable to the prosecution. *Novales*, 589 F.3d at 313. The Government in this

ensure that the district court committed no significant procedural error, such as failing to properly calculate the Guidelines range, treating the Guidelines as mandatory, failing to consider the factors set forth in 18 U.S.C. § 3553(a), selecting a sentence based on clearly erroneous facts, or "failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If the district court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range. *Id*. If the sentence is outside the Guidelines range, the court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*.

Kliebert points to several factors that he believes demonstrate the unreasonableness of the statutory maximum sentence imposed on him. First, he contends that the district court committed procedural error by failing to consider his non-frivolous arguments supporting a downward variance, by relying on impermissible factors in determining the sentence, and by failing to consider all relevant § 3553(a) factors. Second, he contends that the sentence is substantively unreasonable because it was based upon factors already subsumed in and considered in calculating the sentence Guideline range. The Court will discuss each of these contentions in turn.

---

case did not raise the issue of whether the Defendant failed to object to his sentence during the sentencing hearing in response to a *Bostic* question such that plain-error review would apply. Rather, the Government stated that an abuse-of-discretion standard was appropriate for all aspects of this Court's review.

**A. Procedural Reasonableness**     This Court recently discussed the parameters for

evaluating an above-Guidelines sentence for procedural reasonableness. *United States v. Zobel*, 696

F.3d 558 (6th Cir. 2012). We explained,

> [f]or a sentence to be procedurally reasonable, "a district court must explain its
> reasoning to a sufficient degree to allow for meaningful appellate review." *United
> States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007) (internal quotation and editorial
> marks omitted). A district court commits reversible procedural error by "failing to
> calculate (or improperly calculating) the Guidelines range, treating the Guidelines as
> mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on
> clearly erroneous facts, or failing to adequately explain the chosen sentence —
> including an explanation for any deviation from the Guidelines range." *Gall v.
> United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). Further,
> if the sentence imposed is outside the advisory range, the court is required to state
> "the specific reason for the imposition of" its departure or variance. 18 U.S.C. §
> 3553(c)(2); *United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011).

*Id*. at 566. Where the defendant presents "nonfrivolous reasons for imposing a different sentence

. . . the judge will normally go further and explain why he has rejected those arguments." *Rita v.

United States*, 551 U.S. 338, 357 (2007). However, there is no requirement that the sentencing judge

give a particularly lengthy explanation. *Id*. Neither does § 3553(c) require the district court to give

its reasons for rejecting any and all arguments made by the parties for alternative sentences. *United

States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008). What procedural reasonableness requires is that

the sentencing judge "'set forth enough to satisfy the appellate court that he has considered the

parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'"

*United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quoting *Rita*, 551 U.S. at 356).

Kliebert claims that the sentence is procedurally unreasonable in three respects: (1) the court

failed to address mitigation evidence, particularly the psychological report of Dr. Gerald Shiener and

the letter from therapist Martha Maceroni; (2) the court based its thirty-month upward variance from the Guidelines range on allegations of Kliebert's deception not found by a preponderance of the evidence, and (3) the court failed to consider other 18 U.S.C. § 3553(a) factors, including the need to avoid unwarranted disparity.

### 1. Mitigation Evidence

Kliebert filed with the district court a sentencing memorandum and exhibits he claimed supported a downward variance. In particular, counsel submitted the report and evaluation by Dr. Shiener, which concluded that Kliebert was "unlikely to be a threat to the community," and a letter from therapist Martha Maceroni, which stated that Kliebert reported "significant positive outcome" since participating in therapy and taking medication. Although it acknowledged reading them, the district court did not specifically discuss either of these items during the sentencing hearing and never explained why Kliebert's voluntary treatment and reported progress should not support a lower sentence.

The district court's lack of discussion of these items, however, does not render the sentence procedurally unreasonable. The district court was not obligated to address the report of Dr. Shiener as grounds for a lower sentence because it was clear that any argument for mitigation based on that report was meritless. Kliebert told the psychiatrist that he acted inappropriately with his niece only one time when, in fact, he had sexually abused his niece on multiple occasions over an extended period of time. Kliebert told the psychiatrist that he had told the police everything, when in fact he had not told the police about his pedophilic acts toward his niece. Dr. Shiener's report also stated that Kliebert had never acted on his sexual impulses, a clearly erroneous statement.

"'A sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence.'" *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (quoting *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005)). Because Dr. Shiener's report and conclusions therein were based on incomplete and false information provided by Kliebert, the district judge was not required to consider them as mitigating factors.

The letter from therapist Martha Maceroni, however, warranted consideration by the district court. In that letter, prepared nine months after Dr. Shiener examined Kliebert, Maceroni states that Kliebert has been seen weekly for therapy since the preceding August. She reports that Kliebert has complied with psychiatric medication treatment, that he remains on anti-depressant and anti-anxiety medications, and that he has displayed "considerable improvement regarding anxiety, obsessive thought patterns and impulse control." Whether Kliebert lied to Dr. Shiener during the week of his arrest has no bearing on the clinical outcome reported by Martha Maceroni nine months later, after Kliebert had participated in regular therapy and medication treatment. That Kliebert exhibited demonstrable improvement after nine months of therapy cannot be construed as a frivolous argument in favor of a lower sentence. *See, e.g.*, *United States v. Corum*, 354 F. App'x 957, 960 (6th Cir. 2009) (holding that it would be clear error for a sentencing judge to adopt a policy that it would not consider post-arrest treatment for a child pornography addiction because it would prevent the judge from giving the defendant the individualized assessment required).

Nonetheless, the sentencing transcript sets forth enough information for this Court to conclude that the district court did consider Kliebert's argument for a mitigated sentence based on

his treatment with Maceroni, even though he did not expressly discuss it. A sentencing judge's stated reasons for a sentence need not be lengthy to be legally sufficient. *Rita*, 551 U.S. at 358. In *Rita*, the defendant argued for a below-Guidelines sentence based on three factors: "health, fear of retaliation in prison, and military record," *Id*. The sentencing judge listened to each argument and was fully aware of the facts defendant relied on as mitigating factors. *Id*. However, the judge did not expressly mention any of those factors when announcing Rita's within-Guidelines sentence. The Supreme Court found that, although he did not mention the defendant's specific arguments, the sentencing judge's brief statement of reasons was sufficient because "context and the record [made] clear" that the judge found that the defendant's circumstances were insufficient to warrant a different sentence. *Id*. at 359.

In this case, the district court read Maceroni's letter, acknowledged that Kliebert had mental health issues, and discussed various § 3553(a) factors, including Kliebert's history and characteristics and the need to provide him with needed correctional treatment in the most effective manner. R. 24, Sent. Tr., Page ID # 131-32. The district court recommended that Kliebert be incarcerated in a prison with a residential sex offender treatment program, and — due to Kliebert's "self-reported history of mental or emotional problems" — ordered him to participate in mental health counseling upon his release. The district court also acknowledged Kliebert's request for a downward variance to eight years, both before and after announcing Kliebert's sentence, but explained that it could not grant that request because of Kliebert's actions and the disturbing nature of Kliebert's collection of child pornography. In short, the sentencing judge made it clear that notwithstanding any mitigating factors, he felt a 240-month sentence was necessary to reflect the seriousness of the offense (which

involved a staggering number of child pornographic images including those showing bestiality, bondage, and torture), to deter the criminal conduct of receiving child pornography, and to protect the public from future crimes. *Id*. at Page ID 148-49.

Certainly, "the better practice . . . is for a sentencing judge to 'go further and explain why he has rejected [each of the defendant's non-frivolous] arguments' for imposing a sentence lower than the Guidelines range." *United States v. Liou*, 491 F.3d 334, 340 (6th Cir. 2007) (quoting *Rita*, 551 U.S. at 357). However, the reasoning set forth by the district court in this case is sufficient to satisfy this Court that it considered Kliebert's mitigation evidence but found it did not justify the downward variance he sought.

### 2. Evidence of Kliebert's Deception

Kliebert also contends that, when determining the sentence, the district judge considered statements allegedly made by Kliebert's sister, which attacked his credibility, without first ruling on defense counsel's objection to the Court's consideration of those statements.

Federal Rule of Criminal Procedure 32(c)(1) states that "[a]t the sentencing hearing . . . [f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." The Sixth Circuit requires "literal compliance" with this provision. *United States v. Aleo*, 681 F.3d 290, 298 (6th Cir. 2012) (quoting *United States v. Tackett*, 113 F.3d 603, 613 (6th Cir. 1997)). "This strict requirement helps to ensure that defendants are sentenced on the basis of accurate information and provides a clear record for appellate courts." *Tackett*, 113 F.3d

at 613-14.  If the sentencing court fails to make these factual findings, the circuit court must remand

for resentencing. *Id*. at 614 (citing *United States v. Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990)).

Contrary to Kliebert's argument, the district court was not required to make a finding of fact

that Kliebert molested his sister or that he was not molested by his father as he claimed.  It was

unnecessary for the district court to make these findings by a preponderance of the evidence because

neither issue affected Kliebert's sentence.  As the court noted, other evidence demonstrated that

Kliebert had molested a child – his niece.  Also, other evidence demonstrated that Kliebert was

deceptive.  He told the investigators that he would never actually molest a child, and he told Dr.

Shiener that he had molested his niece on only one occasion.  In fact, he had molested his niece

numerous times over a period of years.  Accordingly, it was unnecessary for the district court to

determine the truth of Kliebert's sister's allegations by a preponderance of the evidence because the

information attributed to her did not affect Kliebert's sentencing.

### 3.  Unwarranted Sentence Disparity

Pursuant to 18 U.S.C. § 3553(a), the sentencing court "in determining the particular sentence

to be imposed, shall consider" each of the seven factors enumerated in the statute.  In this case, the

district court did not mention on the record whether it considered the need to avoid unwarranted

sentence disparities pursuant to § 3553(a)(6). Kliebert contends that this constitutes procedural error

requiring reversal.

The fact that a district court does not explicitly discuss a particular § 3553(a) factor does not,

alone, render a sentence procedurally unreasonable.  *See United States v. Simmons*, 501 F.3d 620,

625 (6th Cir. 2007) (finding sentence procedurally reasonable despite the fact that the district court

did not explicitly discuss § 3553(a)(6). This Court has observed that while "the sentencing judge must consider the list of sentencing factors articulated in 18 U.S.C. § 3553(a)[, s]uch consideration . . . need not be evidenced explicitly." *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). A district judge is under a duty to make explicit its consideration of the § 3553 factors only when a defendant makes a particular argument and when a factor is particularly relevant. *Simmons*, 501 F.3d at 625 (citing *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006) and *United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007)).

In this case, the district court did not ignore the need for uniformity in sentencing. He addressed the appropriate Guidelines range before explaining his reasons for varying upward from that range to the statutory maximum. Because the avoidance of unwarranted disparities was considered by the Sentencing Commission when setting the Guidelines ranges, a district court's correct calculation of and review of the Guidelines range necessarily requires consideration of the need to avoid unwarranted disparities. *Gall*, 552 U.S. at 54. The district court was not required to make his consideration of sentence disparities explicit because Kliebert did not argue that the need for uniformity was particularly applicable in this case. The record provides sufficient evidence that the district court considered national uniformity; therefore, there was no procedurally unreasonable error.

**B. Substantive Reasonableness** "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted). "A sentence is substantively

unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (quoting *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009)). Although sentences within the Guidelines may be afforded a presumption of substantive reasonableness, a sentence outside the Guidelines is not presumed unreasonable. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). In reviewing a sentence, we give "'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." *Id.*

Kliebert claims that the sentence is substantively unreasonable because it was based upon factors already subsumed in and considered in calculating the sentence Guideline range. In particular, Kliebert states that the number of images he possessed were already taken into account because he was assessed a five-level upward adjustment for possessing in excess of 600 images under United States Sentencing Guidelines ("U.S.S.G.") 2G2.2(b)(7)(D). Additionally, the district court drew attention to the victim letters and repeated several times that the offenses involved "real children." Kliebert correctly notes that if the images had not involved "real children," an offense would not have been established. *See* U.S.C. § 2256(8). Kliebert also argues that the court's characterization of him as a "real threat" was taken into account by the Guidelines, in particular the five-level upward enhancement for a "pattern of activity involving the sexual abuse or exploitation of a minor" under U.S.S.G. 2G2.2(b)(5). Finally, Kliebert argues that by giving him the maximum sentence allowable under 18 U.S.C. § 2422(b), the court has effectively determined that Kliebert has

committed the "worst possible variation" of the crime of possession of child pornography without

adequately articulating how his offense was worse as compared to other offenders.

Imposition of the statutory maximum sentence is appropriate when the sentencing court

concludes that the defendant's conduct was egregious when compared to the conduct of other

offenders. In an unpublished decision, this Court affirmed the imposition of a 360-month maximum

sentence in a case in which the defendant had targeted his own niece by encouraging individuals over

the internet to abduct and rape her, and when he possessed over 3,000 images of child pornography.

*United States v. Massey*, 349 F. App'x 64, 69 (6th Cir. 2009). Regarding the number of images, the

*Massey* court noted that the offense level is increased by five levels if the offender has 600 images

and that Massey had five times that amount. Kliebert, by comparison, possessed 870,000 images,

or 1450 times that amount. This certainly warrants classifying Kliebert's conduct as egregious.

Additionally, in *Massey*, the forensic examiner said that the collection was one of the most disturbing

he had seen. Similarly, the district court in this case stated that the images in Kliebert's collection

were "very, very disturbing and troubling" as they included images of children being tortured.

Additionally, the nature of Kliebert's offense against his niece, namely that the abuse

occurred on numerous occasions over a number of years, contributed toward a finding that Kliebert's

conduct was egregious. *See United States v. Sanchez*, 440 F. App'x 436 (6th Cir. 2011) (finding that

above-Guidelines sentence of 360 months in child pornography production case was substantively

reasonable when district court emphasized that he knew of no case in which a defendant had abused

a child for a longer period of time); *see also United States v. Sprague*, 370 F. App'x 638 (6th Cir.

2010) (affirming 360-month sentence as substantively reasonable in child pornography transportation

case, even though the Guideline sentence was 180 months, because the district court concluded that the defendant was a child sexual predator who was actively seeking victims).

The record supports the district court's conclusion that a statutory maximum sentence was proportionate to the seriousness of the circumstances of Kliebert's offense, even when compared to the conduct of other offenders, because he possessed nearly a million images of child pornography (many of which involved torture, rape, and bestiality) and covertly committed a hands-on sex offense against a minor family member for five years — conduct which presumably would have continued had Kliebert's wife not put a stop to him spending time alone with the minor family member. The 30-month upward variance amounted to a 14% increase over the top of the Guideline range. The discussion that took place during the sentencing hearing provides the reviewing court with enough information to determine that the district court felt this relatively small degree of upward variance was justified.

The district court made clear that this was not a garden-variety case but rather an offense that involved "very, very troubling, disturbing, disgusting circumstances." R. 24, Sent. Tr., Page ID # 130. Because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case," this Court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. Accordingly, we conclude that the district court's decision to sentence Kliebert to the statutory maximum was deliberate and substantively reasonable.

## III.  CONCLUSION

For these reasons, we AFFIRM Kliebert's sentence.